UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. ANDREWS,

                                  Plaintiff,

                    -against-

DHS; THERESA GREEN; NYPD; JAMES
G. CLYNES; HRA,

                                  Defendants.

1:19-CV-5622 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this complaint but fails to allege any facts. By order

dated July 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file

an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

## BACKGROUND

Plaintiff uses the Court's general complaint form, but he fails to allege any facts. Rather, he attaches five documents indicating that the complaint concerns various unrelated matters. He names as defendants Theresa Green, who moved for an order of protection against him; James G. Clynes, the judge who granted the request for an order of protection; the Department of Homeless Services (DHS); the New York City Police Department (NYPD); and the Human Resources Administration (HRA) for the City of New York. The documents suggest that the complaint concerns: (1) the order of protection issued against him ("order-of-protection claim"); (2) a New York City Department of Social Services (DSS) decision regarding his benefits ("benefits claim"); (3) an unidentified case where Plaintiff was represented ("unidentified case claim"); (4) an assault involving Plaintiff's arm being hit by a baton ("assault claim"); and (5) his criminal case that involves the order of protection ("criminal case claim").

The documents that Plaintiff attaches are:

(1) the May 23, 2019 order of protection issued by Defendant Judge James G. Clynes ordering Plaintiff to stay away from Defendant Theresa Green, who may be a city employee (ECF No. 2 at 8);

(2) a letter from Rubenstein & Rynecki (R&R), a law firm representing Plaintiff in the unidentified case claim, informing him of his October 26, 2018 trial date. (ECF No. 2 at 9.) On that letter, Plaintiff handwrote: "My lawyer help[ed] them cover it up." (*Id.*);

(3) the first page of a decision from DSS regarding his public assistance benefits (ECF No. 2 at 10);

(4) a September 22, 2017 medical report from Mount Sinai regarding an x-ray of Plaintiff's arm after he was allegedly struck with a baton (ECF No. 2 at 11); and

(5) a May 11, 2019 court case data entry indicating that Plaintiff was charged with assault, and a related court appearance ticket directing him to appear in Criminal Court of the City of New York on June 20, 2019. (ECF No. 2, at 12, 13.)

Publicly available records show that police arrested Plaintiff on September 21, 2017, and charged him with assault with intent to cause physical injury, a Class A misdemeanor. *See People v. Andrews*, No. 2017NY054635 (N.Y. Crim. Ct.). These records also show that a temporary order of protection was issued on November 20, 2017, and that Judge Clynes issued a warrant on May 22, 2019. *Id.*

On June 28, 2019, Plaintiff filed another action in this Court against R&R and HRA, asserting claims related to his "case."[1] *See Andrews v. Coalition for the Homeless*, ECF 1:19-CV-6070, 2 (S.D.N.Y., complaint filed on June 28, 2019). From the facts alleged in the 19-CV-6070 case, it appears that Plaintiff has accused Theresa Green, a "city employee," of attacking him. *Id.* (ECF No. 2 at 5.)

## DISCUSSION

### A.     Plaintiff fails to comply with Rule 8 of the Federal Rules of Civil Procedure

Plaintiff's complaint does not comply with Rule 8 because he does not state facts showing that he is entitled to relief. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

---

[1] On the same day, Plaintiff filed another action in this Court concerning his housing, that appears to be unrelated. *See Andrews v. City of New York,* ECF 1:19-CV-6069, 2 (S.D.N.Y., complaint filed on June 28, 2019).

favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

First, Plaintiff does not state any facts in support of any of his claims. Second, to the extent Plaintiff intended to bring claims related to the attached documents, those attachments are not a substitute for a statement of facts. In addition to Plaintiff's failure to comply with Rule 8, he names parties that are either immune or are not suable entities, and he attaches documents concerning five unrelated issues.

In light of these deficiencies, the Court: (1) dismisses Plaintiff's criminal case claim under *Younger v. Harris*, 401 U.S. 37 (1971); (2) dismisses the benefits claim without prejudice to Plaintiff's refiling it in a new civil action; (3) declines to construe the complaint as raising a claim against R&R; (4) dismisses from the action Judge Clynes under the doctrine of judicial immunity; (5) dismisses from the action the NYPD, DHS, and the HRA as nonsuable entities and substitutes the City of New York for these defendants under Fed. R. Civ. P. 21; and (6) grants Plaintiff leave to amend his complaint to state facts in support of his order-of-protection claim and his assault claim.

**B.      The Court dismisses Plaintiff's criminal case claim**

Though Plaintiff does not expressly raise a claim related to his criminal proceedings, to the extent that he intends to ask the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger*, the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both

serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses Plaintiff's criminal case claim.

**C.     The Court dismisses Plaintiff's benefits claims**

Plaintiff attaches the first page of a DSS decision regarding his public assistance benefits. This claim does not appear to be related to the other claims. In fact, it is not clear that Plaintiff intended to bring a claim challenging this decision.

To the extent Plaintiff intended to challenge the DSS decision here, the Court concludes that this unrelated claim should be brought in a separate civil action. Rule 21 of the Federal Rules of Civil Procedure "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *see Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

As this claim is unrelated, it is dismissed without prejudice to Plaintiff's filing a new civil action to raise this claim.[2]

---

[2] To state a claim regarding the denial of benefits, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest

**D.     The Court declines to construe the complaint as raising a claim against R&R**

Plaintiff attaches a letter from R&R, in which he accuses R&R of "help[ing] them cover

it up." (ECF No. 2 at 9.) Because Plaintiff has sued R&R in another action, *see Andrews*, No. 19-

CV-6070, the Court declines to construe the complaint as asserting a claim against R&R. To the

extent this attachment relates to Plaintiff's order-of-protection and assault claims, he should say

as much in the amended complaint.

**E.     The Court dismisses Judge Clynes under the doctrine of judicial immunity**

Judges are absolutely immune from suit for damages for any actions taken within the

scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts

arising out of, or related to, individual cases before the judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot

overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d

47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action

brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief

was unavailable." 42 U.S.C. § 1983.

---

without due process of law." *Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998); *see Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff does not assert any facts stating why he named Judge Clynes, but because he attaches Judge Clyne's order of protection, the Court concludes that Plaintiff is suing him based on that decision. The doctrine of judicial immunity therefore applies, and the Court dismisses Judge Clynes from the action. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**F.    The Court dismisses the NYPD, DHS, and HRA**

Plaintiff's claims against the NYPD, DHS, and HRA must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD, DHS, and the HRA with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**G.    The Court grants Plaintiff leave to state facts in support of his order-of-protection claim and his assault claim**

### 1.    Order-of-Protection Claim

Plaintiff appears to bring claims against Theresa Green regarding the order of protection Judge Clynes issued. But Plaintiff does not state facts suggesting why he brings this action against her, although in his pending case in this Court, *see Andrews*, ECF 1:19-CV-6069, he appears to claim that Green is a city employee who attacked him. The Court therefore grants Plaintiff leave to state facts in support of his claim against Green.

### 2.    Assault Claim

Plaintiff attaches a medical report from 2017, indicating that his forearm was hit with a baton. He also names the NYPD. The Court construes the complaint as asserting a claim against the NYPD officer who allegedly hit him with a baton and grants Plaintiff leave to assert facts in support of this claim, including the date and location of the alleged assault, and the name of the officer who allegedly assaulted him.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his order of protection and assault claims. First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.  If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or

---

[3] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

"Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John

Doe defendants, however, does *not* toll the three-year statute of limitations period governing this

action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

defendants and amending his complaint to include the identity of any "John Doe" defendants

before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of

the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and

plain statement of the relevant facts supporting each claim against each defendant named in the

amended complaint. Plaintiff is also directed to provide the addresses for any named defendants.

To the greatest extent possible, Plaintiff's amended complaint must:

    a) give the names and titles of all relevant persons;

    b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d) give the location where each relevant event occurred;

    e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-5622 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses from the action Judge Clynes, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and the NYPD, DHS, and HRA, *see id.* § 1915(e)(2)(B)(ii). The Court also substitutes the City of New York under Fed. R. Civ. P. 21.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    August 7, 2019
            New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name              Middle Initial      Last Name

_____

Street Address

_____

County, City                        State                Zip Code

_____

Telephone Number              Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

Defendant 2:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

Defendant 3:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

Defendant 4: _____

                 First Name              Last Name

               _____

               Current Job Title (or other identifying information)

               _____

               Current Work Address (or other address where defendant may be served)

               _____

               County, City            State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.