| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------- X<br>MICHAEL D. ANDREWS,<br><br>                                    Plaintiff,<br><br>                -against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                                Defendants.<br>-------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __5/27/22__<br><br>19-CV-5622 (VEC) (JLC)<br><br>ORDER ADOPTING<br>REPORT AND<br>RECOMMENDATION |

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff Michael Andrews brought this lawsuit on June 14, 2019, against Defendants the City of New York and Theresa Green, a Human Resources Administration special officer, alleging federal and state claims for false arrest, malicious prosecution, use of excessive force, and municipal liability. All of the claims arise from physical altercations that occurred at the Human Resources Administration building in Manhattan in 2017. *See generally* Compl., Dkt. 2.[1] On November 12, 2021, Defendants moved for summary judgment as to all of Plaintiff's claims, *see* Not. of Mot., Dkt. 61, which Plaintiff opposed, *see* Pl. Opp., Dkt. 68. Judge Cott then issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted in part and denied in part, R&R, Dkt. 70 at 2, 24, to which Plaintiff objected, *see generally* Pl. Obj., Dkt. 71. Defendants did not object to the R&R or respond to Plaintiff's objections. For the following reasons, the Court ADOPTS the R&R with no modifications, and Defendants' motion for summary judgment is GRANTED in part and DENIED in part.

---

[1] On November 4, 2019, the Court referred the case to Magistrate Judge Cott for general pretrial matters and dispositive motions. *See* Referral Order, Dkt. 13. After the parties notified the Court that they had reached an agreement in principle resolving all issues, *see* Letter, Dkt. 52, the Court dismissed the case, *see* Order, Dkt. 52. On July 1, 2021, Plaintiff asked the Court to reopen the case, *see* Letter, Dkt. 54, which the Court did, *see* Dkt. 58. The Court again referred the case to Judge Cott for general pretrial matters and dispositive motions, *see* Am. Referral Order, Dkt. 59.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To warrant *de novo* review, however, the objections must be "specific and . . . address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). If a party's objections "are conclusory or general, or simply reiterate original arguments," or the party does not object to certain dispositions, the court reviews for clear error. *Id.*; *see Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012).

Judge Cott recommended that Plaintiff's false arrest and malicious prosecution claims be dismissed due to Green's lack of personal involvement, a requirement for both claims. R&R at 9–10 (citing *Garnett v. City of N.Y.*, No. 13-CV-7083, 2014 WL 3950904, at *7 (S.D.N.Y. Aug. 13, 2014)), 12–13 (citing *Chavez v. Finney*, No. 19-CV-4109, 2022 WL 874716, at *7 (S.D.N.Y. Mar. 23, 2022)). He also determined that, as a separate basis for dismissing the malicious prosecution claim, Plaintiff cannot establish a sufficient deprivation of liberty. *Id.* at 15 (citations omitted). With respect to municipal liability, Judge Cott found that Plaintiff's claim against the City of New York pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978), should be dismissed for failure to show that his arrest and prosecution were the result of a City-based custom or policy. *Id.* at 22 (citing *Harris v. City of N.Y.*, No. 13-CV-7788, 2016 WL 427908 at *5 (S.D.N.Y. Feb. 3, 2016)). Judge Cott also recommended granting Defendants'

motion for summary judgment as to Plaintiff's state law claims because Plaintiff failed to comply with New York notice of claim requirements. *Id.* at 24 (citation omitted).

With respect to Plaintiff's excessive force claim, however, Judge Cott recommended denying Defendants' motion, given that "there are genuine disputes of material fact regarding how the altercations began and unfolded." *Id.* at 18. He also determined that the medical evidence in the record is at least partially consistent with Plaintiff's version of events and that there was enough evidence of injury to prevent dismissing the claim as a matter of law. *Id.* at 19–20.

Plaintiff has objected to Judge Cott's R&R on several grounds. *See generally* Pl. Obj. He argues that the City should have provided him with Green's name and information earlier and, if it had, he "would not have had a[n] outstanding warrant" (referring to a bench warrant that followed his failure to appear at an arraignment related to the 2017 arrest), *id.* at 1–2; that the lack of video of the altercation is the fault of the City and a "den[ial of his] civil rights", *id.* at 1; that there is no evidence that he was the aggressor, *id.* at 1, 3; that he should have been given a desk ticket rather than being held in custody for several days in 2019, *id.* at 2; that the City is liable because Green is a City employee, *id.*; that the City violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, *id.*; and that his lawyers provided deficient representation, *id.* at 3.

Construing Plaintiff's objections liberally, *see Massie v. Metro. Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2009), the objections are not specific to Judge Cott's R&R, and therefore do not merit *de novo* review. *Pineda*, 831 F. Supp. 2d at 671. Plaintiff's evidentiary arguments — primarily that, according to him, there is no evidence that he was the aggressor, but also related to the lack of video of the incident, Pl. Obj. at 1, 3 — were in fact incorporated into

3

Judge Cott's recommendation that the excessive force claim be allowed to proceed to trial. R&R at 18–19. The evidentiary arguments are otherwise irrelevant to Judge Cott's recommendation that Defendants' motion be granted as to claims for which Green must have been personally involved to be liable, as there is no dispute that it was the New York Police Department, and not Green, that arrested and detained Plaintiff, and that it was Plaintiff who called the police to the scene. *Id.* at 10 (citations omitted). Plaintiff's objections similarly do not address the legal standard for municipal liability, *see id.* at 22 (citation omitted); instead, he conclusorily argues that the City should be liable, Pl. Obj. at 2. Plaintiff's arguments regarding the outstanding warrant, appropriateness of a desk ticket in lieu of being held in custody, alleged violations of FOIA, and alleged inaction of his counsel are irrelevant to the instant motion.

Because Plaintiff's objections do not merit *de novo* review, reviewing the R&R for clear error, *see Adams*, 855 F. Supp. 2d at 206, the Court finds no clear error in Judge Cott's recommendation.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Cott's R&R in full, and Defendants' motion is GRANTED in part and DENIED in part. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that appellant demonstrates good faith when seeking review of a non-frivolous issue). The parties are directed to meet and confer on mutually convenient trial dates in October and November of 2022, and to file a joint letter to the Court reflecting their preferred dates not later than **July 11, 2022**. Should the parties desire to engage in a settlement

conference, they are directed to inform the Court so that the Court can refer them either to Judge Cott or to the District Mediation Program for purposes of settlement.

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 61.

**SO ORDERED.**

**Date: May 27, 2022**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**